IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AKEVA L.L.C., a North Carolina Limited
Liability Company,

      Plaintiff,

vs.

  ADIDAS AMERICA INC., a Delaware
Corporation,

      Defendant.

CIVIL ACTION NO. 1:03CV01207

## PLAINTIFF AKEVA L.L.C.'S MOTION TO STRIKE AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE, AND OPPOSITION TO DEFENDANT ADIDAS AMERICA, INC'S MOTION FOR LEAVE TO EXCEED PAGE LIMITATION

## INTRODUCTION

Adidas America, Inc. ("Adidas") has displayed a cavalier disregard for the Local Rules of

the Middle District of North Carolina. First, without seeking the prior consent of this Court,

Adidas submitted a claim construction brief seven pages too long. Second, without seeking any

leave of this Court, Adidas submitted two separate motions for summary judgment, each with a

separate memorandum in support. The memorandums in support of these two motions for

summary judgment total 37 pages of text, which is almost double the 20-page limit prescribed by

this Court's Local Rules. Further, although there are two patents-in-suit, both of Adidas'

motions for summary judgment concern the same patent (U.S. Patent No. 6,604,300, hereinafter

CLT01/4686671v4

"the '300 Patent"), and in both motions Adidas asks this Court for similar relief: to rule that the '300 Patent is invalid.[1]

By giving itself an extra 24 pages in which to argue claim construction and dispositive motions—and doing so without leave of this Court and without even seeking leave of this Court regarding Adidas' second motion for summary judgment—Adidas has placed an unnecessary burden on this Court. Moreover, Adidas' violations of the Local Rules has unfairly prejudiced Akeva: while Adidas filed two motions for summary judgment regarding only one patent, Akeva filed only one motion for summary judgment regarding two patents, and stayed within the Court's 20-page limit.

Adidas' litigation tactics are blatant attempts to circumvent this Court's well known 20-page limitation found in Local Rule 7.3(d). The Middle District has not tolerated such behavior in the past and should not have to do so now. Accordingly, Akeva asks that the Court:

1. *Deny* Adidas' Motion for Leave to Exceed Page Limitation regarding Adidas' claim construction brief, and, therefore, strike the final seven pages of that brief; and

2. *Strike* Adidas' second motion for summary judgment.

## STATEMENT OF FACTS

On November 2, 2004, this Court entered a Joint Stipulation and Consent Order specifying, among other things, that dispositive motions and claim construction briefs were due on December 13, 2004. Counsel for Adidas contacted counsel for Akeva and inquired whether Akeva might be interested in moving the Court for an extension of the page limitation concerning claim construction briefs. The parties did not reach an agreement, but ended the

---

[1] In its two motions, Adidas moves for summary judgment of invalidity, albeit on different grounds.

2

discussion of the issue with an understanding that this Court's 20-page limit in Local Rule 7.3(d) would apply to the parties' briefs to be filed on December 13.

On December 13, 2004, Akeva filed one claim construction brief and one summary judgment brief concerning the multiple issues of validity and infringement of both patents-in-suit—the '300 and '471 Patents. Each of Akeva's briefs in support is 20 pages or less in length as required by the Local Rule 7.3(d). To Akeva's surprise, Adidas violated the page limits on both briefs. Without seeking prior leave of court, Adidas filed a claim construction brief seven pages over the 20-page limit. Without seeking any leave of court, Adidas' summary judgment argument on the validity and infringement of the '300 patent was divided across two separate motions for summary judgment with supporting memoranda of 19 and 18 pages, respectively.[2] Thus, without prior approval of this Court, and in direct violation of this Court's Local Rules, Adidas gave itself an additional seven pages for its claim construction brief and an additional seventeen pages for its brief in support of summary judgment. While Akeva endeavored to express its arguments concisely as required for this Court, Adidas simply ignored or evaded this Court's Local Rules concerning the 20-page limit, and submitted whatever additional pages it desired.

---

[2] The first motion is Defendant Adidas America, Inc.'s Motion for Summary Judgment of Invalidity of the '300 Patent for Failure to Satisfy the Written Description Requirement. The second motion is Defendant Adidas America, Inc.'s Motion for Summary Judgment Regarding the '300 Patent. The first seeks a declaration of invalidity of the '300; the second also seeks a declaration of invalidity of the '300, as well as a declaration of noninfringement. Akeva moves for the second motion to be struck.

3

## QUESTIONS PRESENTED

1. Should Adidas be allowed to file a claim construction brief in violation of the Court's 20-page limit (Local Rule 7.3(d)) when it failed to first seek prior leave of court and it gained an advantage because its opponent filed a claim construction brief within the Court's 20-page limit?

2. Should Adidas be allowed to file two separate summary judgment motions concerning the same patent and the same issue of patent invalidity, thereby circumventing the Court's 20-page limit on briefs and gaining an advantage because its opponent followed the Court's Local Rule and filed only one motion for summary judgment and limited its brief in support to less than the 20-page limit?

## ARGUMENT

### I. THE EXTRA PAGES OF ADIDAS' CLAIM CONSTRUCTION BRIEF SHOULD BE STRUCK

It is well known that federal courts in the Middle District of North Carolina jealously protect the integrity of the Local Rules and reject memoranda which do not conform. *See Disher v. Weaver*, 308 F.Supp.2d 614 (M.D.N.C. 2004) (striking a rule 7.3(i) submission that improperly contained argument); *Shoaf v. Kimberly-Clark Corp.*, 294 F.Supp.2d 746 (M.D.N.C. 2003) (considering a summary judgment brief to be unopposed where the opposition brief was late and exceeded the page limitation). Local Rule 7.3(d) clearly states that briefs in support of motions are limited to 20 pages:

> (d) **Limitations on Length of Briefs.** Briefs in support of motions and responsive briefs are limited in length to 20 pages, and reply briefs are limited to 10 pages.

LR 7.3(d) (emphasis in original). As Adidas suggests in its memorandum, both parties anticipated that these limits applied to claim construction briefs, so that Adidas' 27 pages constitute a clear violation. Courts have the discretion to strike entire briefs or to strike the offending portion. *See Arbia v. Owens-Illinois, Inc.*, 2004 WL 1345091 (M.D.N.C. 2004)

4

(Osteen, J.) (refusing to consider the final 20 pages of a 40-page summary judgment brief). This is true even when the brief was submitted with a concurrent motion for leave to exceed page limitations. *See Hoots v. Sara Lee Corp.*, 1999 WL 33117154 (M.D.N.C. 1999) (reading only the first 20 pages of a 25-page summary judgment brief that was accompanied by a motion to exceed the page limitation). Based on this precedent, it is appropriate to deny Adidas' motion to exceed the page limit and strike the final seven pages of Adidas' noncompliant claim construction brief.

## II. ADIDAS' SECOND MOTION FOR SUMMARY JUDGMENT SHOULD BE STRUCK

According to Local Rule 56.1(c), "[t]he page limitations for briefs on all motions, established by LR7.3(d), apply to summary judgment briefs." District courts throughout the Fourth Circuit recognize that filing multiple summary judgment motions is an improper attempt to circumvent those limits. *See Gross v. SES Americom, Inc.*, 2004 WL 2659946 (D. Md. 2004) (filing four separate motions for summary judgment, each accompanied by a memorandum, was "quadrupling the page limits" in violation of the local rule). Federal courts in North Carolina look with particular disfavor on this practice, as they do on any attempt to manipulate the rules to gain an unfair advantage. *See Trull v. Dayco Products, LLC*, 329 F.Supp.2d 658, 660 (W.D.N.C. 2004) ("The Court notes with displeasure that the Defendants filed three separate motions for summary judgment instead of combining all issues in one motion, apparently in an effort to defeat the page limit for briefs.").

In this case, where the *same issue* (the validity of the '300 patent) is argued in two separate motions for summary judgment—19 and 18 pages in length, respectively—filed by the same party (Adidas), the abuse of this Court's Local Rules is even more egregious and calls for

5

discipline. It follows that the Court should strike Adidas' second motion for summary judgment concerning the '300 patent.

## III.    ADIDAS SHOULD BEAR AKEVA'S FEES, COSTS, AND EXPENSES

This Court's Local Rules are clear. Adidas' second motion for summary judgment attempts a naked end run around this Court's 20-page limit. Adidas' claim construction brief violates the 20-page limit by seven pages. Both of Adidas violations prejudice Akeva and have forced Akeva to unnecessarily expend its resources in filing this Motion to Strike and Opposition to Adidas' Motion to Exceed the Page Limitation. Accordingly, equity dictates that Adidas should bear Akeva's fees, costs, and expenses in responding to Adidas' Motion to exceed the page limitation and moving to strike Adidas' second motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court should

1.    Deny Adidas' Motion for Leave to Exceed Page Limitation and, therefore, strike the final seven pages of Adidas' claim construction brief;

2.    Strike Adidas' second summary judgment motion entitled "Motion for Summary Judgment Regarding the '300 Patent;" and

3.    Order Adidas to bear Akeva's fees, costs, and expenses in responding to Adidas' motion to exceed the page limits and in moving to strike Adidas' second motion for summary judgment.

For the Court's consideration and convenience, Akeva attaches a (proposed) Order granting the relief requested.

6

Respectfully submitted this 20th day of December, 2004.

Scott A. Schaaf
North Carolina Bar Number 28792
TUGGLE, DUGGINS & MESCHAN, P.A.
228 West Market Street
Greensboro, North Carolina 27401
(336) 378-1431 – Telephone
(336) 274-6590 – Facsimile

Patrick J. Flinn
Georgia Bar Number 264540
Demetrius T. Lockett
Georgia Bar Number 455547
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000 – Telephone
(404) 881-7777 – Facsimile

Lance A. Lawson
North Carolina Bar Number 23835
ALSTON & BIRD, LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280
(704) 444-1000 – Telephone
(704) 444-1111 – Facsimile

ATTORNEYS FOR PLAINTIFF

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AKEVA L.L.C., a North Carolina Limited
Liability Company,

       Plaintiff,

vs.

ADIDAS AMERICA INC., a Delaware
Corporation,

       Defendant.

CIVIL ACTION NO. 1:03CV01207

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Plaintiff Akeva

L.L.C.'s Motion to Strike and Memorandum in Support of Motion to Strike, and

Opposition to Defendant Adidas America Inc.'s Motion for Leave to Exceed Page

Limitation was served on Defendant by causing a true and correct copy thereof to be

delivered to the Defendant's counsel via facsimile and U.S. Mail at the following

addresses:

| | |
|---|---|
| James H. Kelly, Jr., Esq. | Douglas J. Kline, Esq. |
| Steven Gardner, Esq. | Brian M. Gaff, Esq. |
| J. Jason Link, Esq. | Richard Myrus, Esq. |
| KILPATRICK STOCKTON LLP | TESTA, HURWITZ & THIBEAULT, LLP |
| 1001 West Fourth Street | 125 High Street |
| Winston-Salem, NC 27101 | Boston, MA 02110-2704 |

This 20th day of December, 2004.

_____
Scott A. Schaaf

CLT01/4686671v4